IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY D. FULLER,

        Petitioner,        Civ. No. 05-506-TC

   vs.

                            FINDINGS AND RECOMMENDATION

JEAN HILL,

        Respondent.

Coffin, Magistrate Judge:

    Petitioner petitions for a writ of habeas corpus on the basis of ineffective assistance of counsel. For the reasons that follow, the petition (#2) should be denied.

BACKGROUND

    After a jury trial, petitioner was convicted of two counts of first-degree rape and first-degree sodomy, and three counts of first-degree sexual abuse, stemming from abuse of a disabled woman who lived in his home under the care of his wife. Resp. Ex. 101; 102. The complainant suffered from cerebral palsy and mental retardation. Resp. Ex. 104, Tr. 37, 197.

    Petitioner alleged a number of claims in his pro se petition but has elected to argue only one to the court.[1] Petitioner asserts that his trial counsel provided constitutionally

---

[1] In light of petitioner's failure to adduce evidence that would contravene the allegations in respondent's answer on the unbriefed claims, the court denies relief on those claims. *See* 28 U.S.C. § 2248.

1 Findings and Recommendation

ineffective assistance because he failed to ask the court to excuse an apparently inattentive juror.

The record discloses the following relevant facts. At the beginning of the second day of trial, outside the presence of the jurors, the court asked the attorneys: "And there was some discussion on the record yesterday also about a juror who had appeared to have some problems staying awake. I didn't know if there was any challenge to his remaining on the jury panel?" The transcript from the previous day does not include the discussion to which the judge referred, but the colloquy in response to the court's question provides further information:

> [Defense counsel]: I believe that he is fine, it was just a matter of being overworked and . . .
>
> [Prosecutor]: Uh, yeah, obviously we have some concern, but I think he got some rest and . . .
>
> THE COURT: . . . Alright that's fine.
>
> [Defense counsel]: I'm not sure what we can do about it, it wouldn't be any point replacing him at this point, I don't think.
>
> THE COURT: Alright, that's fine, I just wanted it on the record that there was no objection to his continuing.
> Resp. Ex. 104, Tr. 149-50.

At the close of trial, the jury returned a verdict convicting petitioner on the offenses listed above but acquitted petitioner on a number of other rape and sexual abuse counts. Resp. Ex. 104, Tr. 430. Petitioner filed a direct appeal, arguing in part that the trial court erred in permitting a juror

2 Findings and Recommendation

to sleep during trial. Resp. Ex. 106. The Oregon Court of Appeals affirmed without opinion. Resp. Ex. 108. Petitioner elected not to seek review in the Oregon Supreme Court.

In his petition for post-conviction relief, petitioner asserted that his trial counsel was ineffective for failing to object to an inattentive juror. Resp. Ex. 109. In his post-conviction deposition, petitioner testified that his trial counsel alerted him to a juror who fell asleep for five or ten minutes. Resp. Ex. 113, Tr. at 27. For his part, petitioner's trial counsel averred, "I do not have any recollection of a juror sleeping. If a one [sic] was sleeping, my usual policy would be to ask the judge to do something that would awaken the juror without causing embarrassment to the juror." Resp. Ex. 115 at 2. Petitioner testified at his post-conviction trial that he "didn't know if [the juror] was sleeping or just resting or whatever he was doing," and stated that he "never really watched [the juror] that much--that hard." Resp. Ex. 114, Tr. 14. Petitioner's deposition testimony states that he believed that the attorneys confronted the inattentive juror after meeting with the judge. Resp. Ex. 113, Tr. at 30. The post-conviction court denied any relief. Resp. Ex. 115, Tr. 1-2. The Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp. Ex. 118, 120.

Petitioner now requests this court to grant a writ of habeas corpus on the basis of ineffective assistance of counsel in violation of the Sixth Amendment. For the reasons that follow, the petition should be denied.

## STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act of

3 Findings and Recommendation

1996 (AEDPA), a federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in a state court unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that a state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. Williams v. Taylor, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

"In Williams and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting Williams, 529 U.S. at 410). Thus, "[t]he petitioner must demonstrate not only that the state court's application of governing federal law was erroneous, but also that it was objectively unreasonable." Ramirez v. Castro, 365 F.3d 755, 762 (2004) (citing Andrade, 538 U.S. at 75); see also Penry v. Johnson, 532 U.S. 782, 793 (2001); Clark, 331 F.3d at 1068-69 (discussing Andrade and the appropriate standard of review).

In ineffective assistance of counsel cases, the federal law

4 Findings and Recommendation

in question is the Strickland standard, which states that a defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus, the task of the habeas court is to consider whether the post-conviction court implemented an unreasonable application of Strickland when it determined that petitioner was not denied effective assistance of counsel.

Petitioner bears the burden of proving, by a preponderance of the evidence, the underlying facts supporting the ineffective assistance of counsel claim. See ORS 138.620(2). Moreover, 28 U.S.C. § 2254(d) creates a presumption that state court findings of fact, after a hearing on the merits, are correct.

## ANALYSIS

Petitioner contends that defense counsel provided constitutionally inadequate representation by failing to ask the court to excuse a juror who was apparently inattentive during a short time on the first day of trial. In order to demonstrate that he was deprived of a fair trial, petitioner was required to show that the juror's inattention deprived him of due process; in other words, he must show that the juror slept during a critical part of the trial. See United States v. Springfield, 829 F.2d 860, 864 (9th Cir. 1987) (no deprivation of fair process when juror slept during inconsequential portions of trial). Petitioner did not do so.

Though petitioner stated in deposition testimony that the juror in question slept for five or ten minutes on the first

5 Findings and Recommendation

day of trial, Resp. Ex. 113, Tr. 27, he later testified at trial that he saw the juror close his eyes for a "couple minutes" and could not tell whether the juror "was sleeping or just resting" because he "never really watched [the juror] that much--that hard." Resp. Ex. 113, Tr. 14. As noted above, trial counsel did not recall observing that the juror was asleep. When the court considered the matter with counsel, the attorneys described the juror as overworked and under-rested. Neither the court nor the attorneys characterized the juror has having fallen asleep. The post-conviction court likewise rejected petitioner's characterization, concluding that his claim "with regard to . . . a sleepy juror" was "not proven or persuasive." Resp. Ex. 115, 1-2.

In addition, petitioner puts forth no evidence that any inattentiveness occurred during a "critical phase" of the proceeding. Petitioner offers no affidavit of any juror or attorney present to describe the timing of the asserted sleep episode. The only evidence of such timing, if a juror indeed fell asleep, if petitioner's own post-conviction deposition, which he effectively disavowed by testifying at trial that he did not know whether the juror was sleeping.

Petitioner argues that the post-conviction court ignored the deposition testimony in which petitioner asserted that his trial attorney had alerted him to a juror who fell asleep for five or ten minutes, resulting in an unreasonable determination of the facts based on the evidence before the post-conviction court. Accordingly, petitioner argues, that determination warrants no deference. That argument is unavailing. The post-

6 Findings and Recommendation

conviction court was presented with trial counsel's statement that he did not recall that a juror fell asleep, the colloquy between the trial court and attorneys concerning a juror's inattentiveness, and petitioner's own post-conviction testimony that he did not pay close attention to the juror in question or know whether he was sleeping. In view of that evidence, the post-conviction court's conclusion that petitioner's ineffectiveness claim based on the inattentive juror was not "proven or persuasive" was not an unreasonable determination of the facts before that court.

Petitioner further contends that the post-conviction court employed an unreasonable application of the law in determining that defense counsel's failure to object to the inattentive juror did not qualify as ineffective assistance. Petitioner's argument rests on the following statement in the post-conviction judgement: "Petitioner's claims with regard to . . . . a sleepy juror . . . were not proven or persuasive. The court concludes that petitioner has failed to show by a preponderance of the evidence that his trial counsel was inadequate." Resp. Ex. 115, 2. In petitioner's view, that statement provides dispositive evidence that the post-conviction court did not conduct a <u>Strickland</u> analysis, which requires an evaluation of whether trial counsel's error fell below the standards of professional conduct, and if so, whether there is a reasonable probability that the error affected the outcome of the trial.

The statement does not require that conclusion. The correct standard was articulated in both parties' arguments to

7 Findings and Recommendation

the post-conviction court. Resp. Ex. 110 at 4, Resp. Ex 114, Tr. 26. In the paragraphs leading up to the challenged statement in the post-conviction judgment, the post-conviction court evaluated facts underlying certain of petitioner's other ineffectiveness claims. It then turned to the remaining claims in a summary fashion. In both of the sentences that sum up the judgment, the post-conviction court elided the description of its evaluation of the factual issue, e.g., whether petitioner proved the facts underlying his claim by a preponderance of the evidence as required by ORS 138.620(2), with the secondary inquiry, a mixed question of law and fact, concerning whether there was a reasonable probability that the error affected the outcome of the trial as required by <u>Strickland</u>. Thus, in concluding that petitioner's claims were not "proven" or "persuasive," the court necessarily determined that the underlying facts were not proved, and thus the claim failed. Petitioner has not provided any evidence that the court engaged in an improper inquiry, aside from its construal of the post-conviction court's own shorthand summation.

Petitioner further argues that this court should exercise <u>de novo</u> review of the record in light of the challenged statement in the post-conviction judgment. Even if <u>de novo</u> review were appropriate, this court's findings and recommendation would remain the same: petitioner has not adduced evidence in the record other than his self-contradicted post-conviction deposition testimony that the juror in question fell asleep, much less that the juror slept during a critical phase of the proceeding. Thus, petitioner has failed to

8 Findings and Recommendation

demonstrate that the post-conviction court erred in dismissing petitioner's ineffective assistance claim.

## CONCLUSION

Petitioner's petition for writ of habeas corpus (#2) should be denied, and this case should be dismissed. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 27 day of July, 2007.

THOMAS M. COFFIN
United States Magistrate Judge

9 Findings and Recommendation